## Makery Estate

*James F. Lawler, Ostroff and Lawler,* for petitioner.
*Herbert W. Salus, Jr., Special Assistant Attorney General,* for Commonwealth.

KLEIN, J., January 31, 1969.—

SUPPLEMENTAL ADJUDICATION

By adjudication dated January 8, 1965, Josephine Makery, the administratrix, was directed to pay the shares awarded to Anna Stefaniuk, Yurko Mokrynchuk, Petro Mokrynchuk, Michael (Mykola) Mokrynchuk, Dmytro Mokrynchuk, Anna Mokrynchuk and Wasyl Mokrynchuk to the Commonwealth of Pennsylvania in accordance with the provisions of section 737 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, for payment into the State Treasury without escheat to be held for the benefit of the said parties.

The court is informed that Wasyl Mokrynchuk, entitled to a 1/54th share of the estate, died subsequent to the date of the adjudication, a resident of the Union of Soviet Socialist Republics, survived by next of kin who are also residents of that country.

On April 17, 1968, in the Estate of Semen Struchmanzuk (Philadelphia Orphans' Court), 44 D. & C. 2d 155; 18 Fiduc. Rep. 186, this court, relying upon Zschernig v. Miller, 389 U. S. 429 (1968), decided that the Act of July 28, 1953, P. L. 674, and section 737 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.737, were unconstitutional. The auditing judge so rules in the instant case.

On January 6, 1968, Ostroff and Lawler, attorneys-in-fact for said distributees, all of whom (with the

exception of Wasyl Mokrynchuk, who is deceased) reside in the Union of Soviet Socialist Republics, filed a petition requesting the court to order the Board of Finance and Revenue (incorrectly designated as Board of Finance and Review) to pay the funds on deposit for said distributees with accrued interest to Ostroff and Lawler for distribution to the distributees.

Herbert W. Salus, Jr., Esq., Special Assistant Attorney General for the Commonwealth of Pennsylvania, and John M. Doodan, Esq., attorney for the administratrix, Josephine Makery, have attached their consents to the petition agreeing to petitioner's request.

In view of our ruling in the Struchmanczuk case, supra, no impediment now exists to the immediate payment of the entire shares of said beneficiaries directly to them without limitations or restrictions.

Accordingly, the Board of Finance and Revenue is directed to pay to Ostroff and Lawler, attorneys-in-fact, the funds paid into the State Treasury, without escheat, pursuant to our adjudication of January 8, 1965, together with any income earned thereon for distribution to said distributees, outright, without restrictions.

The share of Wasyl Mokrynchuk, deceased, is to be deposited in an interest bearing savings account in the Philadelphia Saving Fund Society in the name of "James F. Lawler, Attorney for the heirs of Wasyl Mokrynchuk", said account to be marked "Not to be withdrawn except upon order of court"; said deposit book to be produced to the court for inspection and approval immediately after the deposit is so made.

In all other respects the adjudication of January 8, 1965, is confirmed.

And now, January 31, 1969, the account is reconfirmed nisi.